IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
JUN 13 2024
LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:24-CR- 18 |
| v. ) | |
| ) | In violation of: |
| EVAN STRAUSS, ) | 18 U.S.C. § 2 |
|    a/k/a "Reaper," "Kobe Deonsons" ) | 18 U.S.C. §§ 2261A(2), 2261(b)(3), |
| ) |    2261(b)(4), 2261B(a) |
| Defendant. ) | 18 U.S.C. § 2422(b) |
| ) | 18 U.S.C. § 2251(a), (e) |
| ) | 18 U.S.C. § 2252A(a)(5)(B), (b)(2) |

**INDICTMENT**

The Grand Jury charges:

**INTRODUCTION**

At all times relevant to this Indictment:

1. Defendant EVAN STRAUSS was a resident of Moneta, Virginia.

2. STRAUSS was a leader of an online group of individuals who would engage in various predatory activities, including swatting and extortion.

3. "Swatting" is a term used to describe or refer to an incident in which an individual calls a non-emergency telephone number and falsely reports an emergency, often involving an act of violence that reportedly has occurred or will occur at a particular location, in order to elicit a law enforcement response (especially an armed response) to that location.

4. Minor A was a 17-year-old resident of Wyoming.

5. On or about November 1, 2023, STRAUSS and Minor A met online and soon thereafter began to engage in regular communication.

6. Beginning on or about November 5, 2023, and continuing until on or about January 13, 2024, STRAUSS used various interactive computer services, electronic communications

1

services and systems, and other facilities of interstate and foreign commerce, as part of a course of conduct intended to kill, injure, harass, intimidate, and place under surveillance with the intent to kill, injure, harass, and intimidate, Minor A. STRAUSS's continued course of conduct included, among other things, the following:

    a.    STRAUSS would make rules for Minor A's behavior and make demands of her, including that she constantly be on the phone with him, that she not talk to other males, that she cut her thighs, that she masturbate for him, and that she send him nude pictures of herself.

    b.    When Minor A would fail to comply with STRAUSS's rules or demands, STRAUSS would become aggressive and would scream at Minor A and make various threats, including that he would kill her, her family, her little sisters, and her cat; have her little sisters removed from their home; and that he would "swat" Minor A's house.

    c.    STRAUSS gathered the personal identifying information of Minor A and of various relatives of Minor A and informed Minor A that he had collected this information.

    d.    STRAUSS threatened to send pictures of the cuts on Minor A's legs to members of her family and to child protective services.

    e.    On or about December 19, 2023, Minor A began dating Individual 1. After Minor A and Individual 1 started dating, STRAUSS posted pictures of, and information about, Minor A and her family on Instagram to try to get Minor A and Individual 1 to break up.

    f.    On or about December 22, 2023, STRAUSS contacted the Wyoming Department of Family Services ("DFS") and reported that Minor A was sending nude

pictures to people online and that she was engaging in self-harm. STRAUSS also sent approximately four pictures of Minor A to DFS, including pictures of Minor A's cuts.

      g.    On or about January 1, 2024, STRAUSS directed Minor A to send him a picture of her vagina with "reaper owns my pussy" written above her vagina.

      h.    On or about January 2, 2024, STRAUSS caused to be made a swatting call to the Houston County Sheriff's Office in Alabama that falsely reported an emergency incident involving Individual 1.

      i.    On or about January 2, 2024, STRAUSS recorded Minor A masturbating using a hairbrush.

      j.    On or about February 18, 2024, STRAUSS contacted Minor A and told her that he blamed her for getting arrested.

## COUNT ONE
(Stalking)

7.    The Introduction to this Indictment is realleged and incorporated as if fully set forth herein.

8.    Between on or about November 1, 2023, and on or about February 18, 2024, in the Western District of Virginia and elsewhere, the defendant, EVAN STRAUSS, with the intent to kill, injure, harass, intimidate, and place under surveillance with the intent to kill, injure, harass, and intimidate Minor A, who was then an individual under the age of 18 years, did use interactive computer services and electronic communication systems of interstate commerce, and any other facility of interstate and foreign commerce, to engage in a course of conduct, described above in paragraphs 6(a) through 6(j), that placed Minor A in reasonable fear of the death of or serious bodily injury to Minor A, an immediate family member of Minor A, an intimate partner of Minor A, and a pet of Minor A's, and that caused, attempted to cause, and would be reasonably expected

3

to cause substantial emotional distress to Minor A, an immediate family member of Minor A, and an intimate partner of Minor A.

9. As a part of the course of conduct described in paragraphs 6(a) through 6(j), the defendant, EVAN STRAUSS, did knowingly cause Minor A to engage in sexual contact, to wit: the penetration of Minor A's vagina with a hand and finger and object, with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, by threatening Minor A and placing Minor A in fear that a person would be subjected to death and serious bodily injury, in that STRAUSS threatened to kill Minor A and members of her family.

10. As a part of the course of conduct described in paragraphs 6(a) through 6(j), serious bodily injury to Minor A resulted.

11. All in violation of Title 18, United States Code, §§ 2261A(2), 2261(b)(3), 2261(b)(4), 2261B, 2.

## COUNT TWO
(Coercion and Enticement)

12. The Introduction to this Indictment is realleged and incorporated as if fully set forth herein.

13. Between on or about November 5, 2023, and January 2, 2024, in the Western District of Virginia and elsewhere, the defendant, EVAN STRAUSS, did use and attempt to use a facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce Minor A, who was then an individual under the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, namely Section 18.2-374.1(B) of the Code of Virginia (production of child pornography).

14. All in violation of Title 18, United States Code, §§ 2422(b), 2.

## COUNT THREE
(Sexual Exploitation of Children)

15. The Introduction to this Indictment is realleged and incorporated as if fully set forth herein.

16. On or about January 1, 2024, in the Western District of Virginia and elsewhere, the defendant, EVAN STRAUSS, did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce, Minor A, who was then an individual under the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, where STRAUSS knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

17. All in violation of Title 18, United States Code, §§ 2251(a), (e), 2.

## COUNT FOUR
(Sexual Exploitation of Children)

18. The Introduction to this Indictment is realleged and incorporated as if fully set forth herein.

19. On or about January 2, 2024, in the Western District of Virginia and elsewhere, the defendant, EVAN STRAUSS, did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce, Minor A, who was then an individual under the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, where STRAUSS knew and had reason to know that such visual

depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

20. All in violation of Title 18, United States Code, §§ 2251(a), (e), 2.

## COUNT FIVE
(Possession of Child Pornography)

21. The Introduction to this Indictment is realleged and incorporated as if fully set forth herein.

22. On or about January 24, 2024, in the Western District of Virginia, the defendant, EVAN STRAUSS, did knowingly possess material, namely, an iPhone 13 Pro Max, serial number LLXG9V6HXQ, that contained one or more images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), such image(s) having been shipped and transported using any means and facility of interstate and foreign commerce in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

23. All in violation of Title 18, United States Code, § 2252A(a)(5)(B), (b)(2).

## NOTICE OF FORFEITURE

1. The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 2428 and 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant, EVAN STRAUSS, shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense(s) and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense(s).

3. Upon conviction of a violation of 18 U.S.C. §§ 2251(a) and/or 2252A, the defendant, EVAN STRAUSS, shall forfeit to the United States:

   a. Any visual depiction described in Title 18, United States Code, sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense(s).

The property to be forfeited includes, but is not limited to, the following:

   a. An iPhone 13 Pro Max, serial number LLXG9V6HXQ.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

7

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

A **TRUE BILL**, this _13th_ day of June, 2024.

                    *s/Grand Jury Foreperson*
                       FOREPERSON

Christopher R. Kavanaugh
United States Attorney

8