# UNITED STATES DISTRICT COURT
## Western District of Virginia

UNITED STATES OF AMERICA

V.

EVAN STRAUSS

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DVAW724CR000018-001

Case Number:

USM Number: 08344-511

Beatrice Diehl, FPD
Defendant's Attorney

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VIRGINIA
FILED

August 12, 2025

Laura A. Austin, Clerk
By: s/ Kelly Anglim
Deputy Clerk

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 and 5 of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty,

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2261A (2), 2261(b)(4) and 2261B | Cyberstalking | 2/18/2024 | 1 |
| 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2) | Possession of Child Pornography | 1/24/2024 | 5 |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)   2, 3, 4   ☐ is  ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/31/2025
Date of Imposition of Judgment

/s/ Elizabeth K. Dillon
Signature of Judge

Elizabeth K. Dillon, Chief United States District Judge
Name and Title of Judge

8/12/2025
Date

DEFENDANT: EVAN STRAUSS
CASE NUMBER: DVAW724CR000018-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

One hundred and eighty (180) months; consisting of one hundred and eighty (180) months as to count 1 and one hundred and twenty (120) months as to count 5, to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

1) The defendant be designated to FCI Butner to be close to his family and for the mental health treatment and HVAC program available to him.
2) The defendant receive appropriate mental health evaluation, and any subsequent treatment, while incarcerated.
3) The defendant receive appropriate sex offender treatment, while incarcerated.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before ____ on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/19 - VAW Additions 08/22)  Judgment in a Criminal Case
          Sheet 3 — Supervised Release

DEFENDANT: EVAN STRAUSS
CASE NUMBER: DVAW724CR000018-001

Judgment-Page   3   of   8

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Three (3) years as to count 1 and fifteen (15) years as to count 5, to be served concurrently

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. ☐ You must make restitution in accordance with sections 3663 and 3663A, or any other statute authorizing a sentence of restitution. *(check if applicable)*
3. You must not unlawfully possess a controlled substance.
4. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 09/19 - VAW Additions 08/22) Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment-Page 4 of 8 |
|---|---|
| DEFENDANT: EVAN STRAUSS | |
| CASE NUMBER: DVAW724CR000018-001 | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. The court chose not to impose this standard condition.
8. You must not communicate or interact with someone you know is engaged in criminal activity.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: EVAN STRAUSS
CASE NUMBER: DVAW724CR000018-001

Judgment-Page 5 of 8

# SPECIAL CONDITIONS OF SUPERVISION

1) Following release from imprisonment, the court will evaluate defendant's status and determine whether, after incarceration, drug rehabilitation is necessary and appropriate. If additional rehabilitation is deemed appropriate, the defendant shall participate in a program as designated by the court, upon consultation with the probation officer, until such time as the defendant has satisfied all the requirements of the program.

2) The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time as the defendant has satisfied all requirements of the program.

3) The defendant shall reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.

4) The defendant shall submit his person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media, or office to searches conducted by a United States probation officer. Failure to submit to searches may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct searches pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his or her supervision and that the areas to be searched contain evidence of this violation.

Sex Offender Conditions:

1) The defendant shall have no contact, direct or indirect, with any victim identified in the presentence report, or any victim's family member.

2) The defendant shall have no contact, or communicate, directly or indirectly, with persons less than 18 years of age ("minors"). This includes communication by any means, including verbal, written, telephonic, electronic, or other communications. The prohibition against communication with minors is intentionally wide-ranging, encompassing the transmission of any information, whether by audio, video, digital or other means. It includes, but is not limited to, any communications via the Internet, cellular phone, any cellular phone or computer application, text message, social media, social networking website, blog, peer to peer file sharing network or other method. This provision does not encompass incidental contact with minors working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal with to obtain ordinary and usual commercial services.

However, the defendant is authorized contact with minors, one, who are relatives of the defendant; two, who have familial relationships with relatives of the defendant; or three, who have been identified and approved by the U.S. probation officer. The contact may occur only in the presence of another adult and with the prior approval of the probation officer. In considering approval of such contact, the probation officer should make an individualized inquiry and a particularized showing of need for the condition.

3) The defendant shall not use any computer, cellular telephone, Internet-capable device, GPS device or other device to contact a minor, gather information about a minor, or locate a minor.

4) The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without prior approval of the probation officer. The defendant may not engage in an activity that involves being in a position of trust or authority over any minor.

5) The defendant shall submit to periodic polygraph testing or any other court approved testing to monitor the defendant's compliance while on supervision.

6) The defendant shall submit to an evaluation/risk assessment by a qualified mental health professional, approved by the probation officer, who is experienced in the treatment of sexual offenders. If deemed appropriate by the qualified mental health professional, the evaluation may include psychological and physiological testing (i.e. plethysmograph exams).

7) The defendant must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program as appropriate (with provider, location, modality, duration, intensity, etc.).

8) While in a sex offense-specific treatment program, the defendant shall take all medications reasonably related to his or her condition; complete all treatment recommendations, which may include physiological testing (i.e., polygraph exams), and abide by all rules, requirements, and conditions imposed by the treatment provider until discharged from treatment by the provider.

DEFENDANT: EVAN STRAUSS
CASE NUMBER: DVAW724CR000018-001

## SPECIAL CONDITIONS OF SUPERVISION

11) The defendant must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C.§ 2256).

12) The defendant is ordered to participate in cybercrime management and will inform the probation officer of all computer devices possessed or accessible to him/her. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. The defendant will not acquire or access any new or additional computer devices unless approved by the probation officer. The defendant will also inform the probation officer of all his/her computer devices, internet service providers (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that the defendant creates or receives additional user accounts.

13) The defendant is permitted use of a non-internet-equipped cellular device and one standard computer device which can be a desktop, laptop computer, or a tablet, and that device may have Internet access and he will permit the United States probation officer to configure, manage, and install monitoring software on all approved standard computer devices. Standard computer devices are limited to those that can be configured, managed, and monitored by the United States probation officer. The configuration, management, and monitoring of the standard computer devices shall be specific to the defendant's court-ordered conditions, risk and needs, and cybercrime management requirements.

14) Non-standard computer devices possessed or accessible to the defendant (such as smart TV's, refrigerators, game systems, and personal assistants) shall be assessed by the U.S. Probation Office for risk and need of use. The defendant must permit the U.S. Probation Office to configure and/or manage approved non-standard devices for compliance with Court ordered conditions and cybercrime management requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

15) The defendant must allow the U.S. Probation Officer to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by the defendant. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

16) Upon request, the defendant must provide to the probation officer copies of financial statements to include phone bills, credit card statements, and billing statements from Internet providers.

17) The defendant shall notify the probation officer of any changes in employment within 72 hours. The defendant shall not obtain employment in any capacity that violates the local or state sex offender registry in which they reside, are employed, or are a student.

18) The defendant shall not reside or loiter within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, daycare centers, swimming pools, community recreation fields, zoos, youth centers, carnivals, circuses, or other places that are primarily used or can reasonably be expected to be used by minors.

19) The defendant shall not possess any bindings, restraints, handcuffs, or other sadomasochistic paraphernalia.

20) The defendant shall notify employers, family members, and others with whom the defendant has regular contact of the Court ordered conditions of supervision and that the defendant is under the supervision of the United States Probation Office.

DEFENDANT: EVAN STRAUSS
CASE NUMBER: DVAW724CR000018-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assssment**  |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**                       _____          _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: EVAN STRAUSS
CASE NUMBER: DVAW724CR000018-001

Judgment - Page 8 of 8

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the total criminal monetary penalties are due immediately and payable as follows:

A [X] Lump sum payment of $ 200 immediately, balance payable

    [ ] not later than _____ , or

    [ ] in accordance with [ ] C, [ ] D, [ ] E, [ ] F or, [ ] G below); or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, [ ] F, or [ ] G below); or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] During the term of imprisonment, payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ , or _____ % of the defendant's income, whichever is greater , to commence _____ (e.g., 30 or 60 days) after the date of this judgment; AND payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ during the term of supervised release, to commence _____ (e.g., 30 or 60 days) after release from imprisonment.

G [ ] Special instructions regarding the payment of criminal monetary penalties:

Pursuant to 18 U.S.C.§3612(b)(F), if other than immediate payment is permitted, a requirement that, until the fine or restitution order is paid in full, the defendant shall notify the Attorney General of any change in the mailing address or residence of the defendant not later than thirty days after the change occurs.

Any installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C §§ 3613 and 3664(m).

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, 210 Franklin Rd., Suite 540, Roanoke, Virginia 24011.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any obligation to pay restitution is joint and several with other defendants, if any, against whom an order of restitution has been or will be entered.

[ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:

    See attached Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.